UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KATELYN WHITTEMORE,<br><br>Plaintiff,<br><br>v.<br><br>ANDERSON FINANCIAL SERVICES, LLC, doing business as a foreign Washington limited liability company; VAST HOLDINGS GROUP, LLC, doing business as a Nevada limited liability company; DOE 1-100, inclusive<br><br>Defendants. | Case No. 2:19-cv-01951-GMN-EJY<br><br>**ORDER** |

Before the Court is Defendant Anderson Financial Services, LLC's Motion to Stay Discovery Pending Disposition of Defendant Anderson Financial Services, LLC's Motion to Dismiss Plaintiff's Verified First Amended Complaint. ECF No. 27. No response to this Motion was filed by any of the parties appearing in this matter.

## DISCUSSION

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). However, a court may limit discovery for good cause and continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citing *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978)). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at \*1 (D. Nev. March

1

7, 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602.

Moreover, the Court adopts a standard when reviewing the merits of the motion to dismiss that best effectuates Fed. R. Civ. P. 1 goals for the "just, speedy, and inexpensive" determination of actions. *Id*. at 602-03. Even if discovery will involve inconvenience and expense, this is insufficient, without more, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. Further, motions to dismiss are frequently part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011). For this reason, courts in the U.S. District of Nevada hold that "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay*, 278 F.R.D. at 603 (discussing holdings of *Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989), and *Turner Broadcasting*, 175 F.R.D. 554).

The First Amended Complaint ("FAC") in this matter alleges 11 causes of action. After taking a preliminary peek at the pending motions to dismiss, the opposition, and the reply, the Court grants the Motion to Stay.

**1.** **<u>Civil RICO</u>**

Civil RICO claims are defined in Nevada Revised Statute at NRS 207.470, which states, in pertinent part, that "[a]ny person who is injured in his or her business or property by reason of any violation of NRS 207.400 has a cause of action against a person causing such injury for three times the actual damages sustained." In turn, NRS 207.400 defines a host of acts that may form the predicate for a civil RICO claim. In *Siragusa v. Brown*, 971 P.2d 801, 809 (Nev. 1999), the Nevada Supreme Court further stated that "[a] civil RICO pleading must, in that portion of the pleading which describes the criminal acts that the defendant is charged to have committed, contain a sufficiently 'plain, concise and definite' statement of the essential facts such that it would provide a person of ordinary understanding with notice of the charges." (Citation omitted.) In *Allum v. Valley Bank of Nevada*, 849 P.2d 297, 299 (Nev. 1993), the court stated: "It is well-settled that to have

standing as a RICO plaintiff, one's injury must flow from the violation of a predicate RICO act." (Citation omitted.) Further, "[w]rongful termination . . . is not a predicate Nevada RICO act." *Id*. at 300 (citation omitted).

Plaintiff cites to two predicate acts in her FAC including "obtaining money under false pretenses" and "the unauthorized practice of law" (ECF No. 18 at ¶¶ 46 and 47), and later discusses bank fraud, mail fraud, and insurance fraud. *Id*. ¶¶ 108-110. However, Plaintiff does not appear to claim any personal injury arising from these acts except her termination. *Id*. ¶ 118. Therefore, it appears likely that Plaintiff's civil RICO claim will be dismissed.

**2.     Retaliation**

Plaintiff's Second, Third, and Fourth Causes of Action allege retaliation under NRS 613.330, Title VII of the 1964 Civil Rights Act, and the Age Discrimination in Employment Act. *Id*. ¶¶ 127-158. However, Plaintiff's original Charges of Discrimination do not name Anderson Financial Services, LLC as her employer. Nevertheless, Plaintiff argues, *inter alia*, that one of the Right to Sue notices attached to Plaintiff's FAC was sent to Vast Holdings Group in care of Anderson Financial Services. ECF No. 18-2 at 2. Plaintiff also attaches documents to her opposition to the motion to stay indicating she recently filed a charge against Anderson Financial Services, LLC. ECF No. 24 at ¶ 157.

Unlike other federal discrimination statutes, the ADEA does not require that a plaintiff receive a right to sue letter before initiating suit. *Donahue v. Asia TV USA Ltd.*, 208 F.Supp.3d 505, 520 (S.D.N.Y. 2016). However, under Title VII, upon receipt of a right to sue letter, "a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). Likewise, the ADEA requires that "[a] charge … be in writing and … name the prospective respondent and shall generally allege the discriminatory act(s)." 29 C.F.R. § 1626.6. Thus, it appears as currently pled, that Plaintiff's Second, Third, and Fourth Causes of Action fail to state claims against Anderson Financial Services, LLC, and that these claims will be dismissed.

**3.     Intentional Interference with Prospective Economic Advantage**

Plaintiff's Fifth Cause of Action, for Interference with Prospective Business Advantage, alleges that "Defendant," in the singular, "contacted a prospective employer" telling that employer

3

not to hire Plaintiff. ECF No. 18 at ¶ 160. For an assessment of this claim, the Court is likely to apply the pleading requirements established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

The 8(a)(2) pleading standard does not require detailed factual allegations, but a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). To satisfy the plausibility standard of the law, federal court requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference, based on the Court's "judicial experience and common sense," that the defendant is liable for the misconduct alleged. *Id.* at 678-79. The plausibility standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted). "[B]are assertions ... amount[ing] to nothing more than a formulaic recitation of the elements of a ... claim ... are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (citing *Iqbal*, 556 U.S. at 681) (bracket at "amounting" in original) (internal quotation marks omitted). The Court discounts these allegations because "they do nothing more than state a legal conclusion-even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

To state a claim for intentional interference with prospective business advantage, a plaintiff must show (1) a prospective contractual relationship exists or existed between her and a third party; (2) defendants knew of the prospective contractual relationship; (3) defendants committed intentionally wrongful acts intended or designed to disrupt or prevent the contractual relationship; (4) defendants had no privilege or justification; and (5) plaintiff sustained actual damages as a result. *Consolidated Generator-Nevada, Inc. v. Cummins Engine Co. Inc.*, 971 P.2d 1251, 1255 (Nev.1998)

4

(citation omitted). The only potential facts that Plaintiff pleads in this case that would support such a claim appear in paragraph 160 of her FAC. The Court finds this single allegation creates substantial question regarding whether Plaintiff has sufficiently stated this claim.

### 4. <u>Negligence Per Se</u>

Plaintiff's Sixth and Seventh Causes of Action are brought as "negligence per se claims in violation of NRS 613.200" and "613.210" claims, respectively. ECF No. 18 ¶¶ 164, 167. However, as stated in *Shoemaker v. Northrup Grumman Corporation*, Case No. 2:08-cv-01793-RLH-RJJ; 2011 WL 6026122, at *3 (D. Nev. Dec. 2, 2011), there appears to be no private right of action for a violation of blacklisting statutes. There is also no negligence claim for a violation of NRS 613.340. In fact, Nevada has been specific in limiting alternative or secondary claims based on violations of its anti-discrimination statutes. *Cf Sands v. Wynn las Vegas, LLC*, Case No. 2:10-cv-297-RLH-PAL, 2010 WL 2348633, at *2 (D. Nev. June 9, 2010) (Plaintiff "alleges he suffered emotional distress because Wynn terminated his employment for taking a personal call at work. This assertion, even if true, does not state a claim based on a theory of negligence. Because Sands alleges Wynn intentionally discriminated against him by terminating his employment, his claim for negligent infliction of emotional distress is improper and hereby dismissed"); *D'Angelo v. Gardner*, 819 F.2d 206. 218 (Nev. 1991) ("where no comprehensive statutory remedy exists, th[e] … courts have been willing to create public policy tort liability") (citation omitted); *Folk v. Petco Animal Supply Stores, Inc.*, Case No. 2:13-cv-124-BLW, 2013 WL 3322636, at *7 (D. Id. July 1, 2013) (a court cannot use a statute that itself grants a plaintiff a right to recover damages as the basis of a negligence per se claim) (citations omitted). For these reasons, the Court finds Plaintiff's Sixth and Seventh Causes of Action are likely to be dismissed.

### 5. <u>Whistleblower</u>

Plaintiff's whistleblower claim will likely fail for the same reason Plaintiff's negligence per se claims fail. That is, when a statutory scheme provides a full panoply of rights, Nevada does not recognize a second, separate cause of action. *CF De Luna v. Sunrise Hospital and Medical Center, LLC*, Case No. 2:17-cv-1502, 2018 WL 4053323, at *4 (D. Nev. Aug. 24, 2018) ("Nevada law doesn't allow a wrongful-termination claim to be based on unlawful discrimination because

comprehensive statutory remedies already exist"). Here, Plaintiff's whistleblower claim is based entirely on her contact with the EEOC as she states she "was terminated for filing an EEOC Charge." ECF No. 18 ¶ 179. Therefore, this claim is duplicative of Plaintiff's retaliation claims and is likely barred by Nevada law.

**6.    Fair Labor Standards Act, Negligent/Intentional Infliction of Emotional Distress**

Plaintiff's Tenth Cause of Action for an alleged violation of the Fair Labor Standards Act based upon her failure to be paid overtime, will likely fail under the *Iqbal*/*Twombly* standard discussed above. *See* full discussion in *Levert v. Trump Ruffin Tower I, LLC*, Case No. 2:14-cv-01009-RCJ-CHW, 2015 WL 133792, at *3-4 (D. Nev. Jan. 9, 2015).

Plaintiff's negligent infliction of emotional distress claim will likely fail for the reasons stated in *Sands v. Wynn Las Vegas, LLC*, Case No. 2:10-cv-00297-RLH-PAL, 2010 WL 2348633, at *2. Finally, Plaintiff's Intentional Infliction of Emotional Distress ("IIED") claim is based entirely on alleged hostile work environment and retaliatory act, which are generally insufficient to state an IIED claim. *Alam v. Reno Hilton Corp.*, 819 F.Supp. 905, 911–12 (D. Nev. 1993).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant Anderson Financial Services, LLC's Motion to Stay Discovery Pending Disposition of Defendant Anderson Financial Services, LLC's Motion to Dismiss Plaintiff's Verified First Amended Complaint (ECF No. 27), which was unopposed, is GRANTED.

DATED: March 20, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

6