# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KATELYN WHITTEMORE,

    Plaintiff,

vs.

VAST HOLDINGS GROUP, LLC, *et al.*,

    Defendants.

Case No.: 2:19-cv-01951-GMN-EJY

**ORDER**

Pending before the Court is Defendant Anderson Financial Services, LLC's ("Anderson's") Motion to Dismiss the Complaint, (ECF No. 10). Plaintiff Katelyn Whittemore, ("Plaintiff") did not file a response.

Also pending before the Court is Anderson's Motion to Stay, (ECF No. 11). Plaintiff filed a Response, (ECF No. 19), and Anderson filed a Reply, (ECF No. 21).

Also pending before the Court is Anderson's Motion to Dismiss the First Amended Complaint ("FAC"), (ECF No. 22). Plaintiff filed a Response, (ECF No. 24), and Anderson filed a Reply, (ECF No. 29).

Also pending before the Court is Plaintiff's Motion to Amend the FAC, (ECF No. 34). Anderson filed a Response, (ECF No. 39), and Plaintiff filed a Reply, (ECF No. 41).

For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss the FAC but provides leave to amend. The Court **DENIES** the Motion to Amend because the proposed amendment does not cure the deficiencies of the FAC. The Court **DENIES as moot** the Motion to Dismiss the Complaint and the Motion to Stay.

//

//

## I. BACKGROUND

This case arises from Plaintiff's allegations that Vast Solutions Group, LLC ("Vast"), and its affiliated entities—including Anderson—undercompensated and terminated Plaintiff in violation of state and federal law. (*See generally* FAC, ECF No. 18). Plaintiff alleges that she "entered into employment with Defendants" in or around May of 2018. (*Id.* ¶ 27). The Defendants in this action include Vast and its alleged affiliates, which number over twenty named entities whose business names include either "Anderson" or "Vast" (collectively, "Defendants"). (*See id.* 3:2–4:2, ¶¶ 21–22). Plaintiff alleges that Defendants employ "significant intermingling of funds, officers, and extremely small variations in corporation names, limited liability company names, and professional liability names wherein some variations only differ by a comma" to purposefully create confusion in prospective litigation "as part of their business model for their clients . . . [in] asset protection." (*Id.* ¶¶ 8, 15, 16, 21–23); (*see also* Vast's State Court Compl., Ex. P to FAC, ECF No. 18-3) (explaining the presence of the many Defendants named in Plaintiff's contract).

Plaintiff contends that she was unlawfully undercompensated in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (FAC ¶¶ 183–190). Plaintiff alleges that while employed by Defendants, she was "improperly paid a flat rate as a contractor." (*See* FAC ¶¶ 27, 29). During her tenure as an employee, Plaintiff alleges that she "was under a fraudulent contractor's agreement" from May of 2018 to January of 2019, after which she entered an "Employee Agreement" with Defendants. (*Id.* ¶¶ 27, 36). She alleges that she served as an employee because she, "was given times to come to work, breaks, specific direction, and did not hold significant autonomous tasks as part of her employment." (*Id.* ¶¶ 30, 34). Based on her alleged status as an employee, Plaintiff contends that she did not receive overtime pay to which she was entitled for the approximately 282.5 hours of overtime work she performed from May through December of 2018. (*Id.* ¶¶ 29–30, 33, 35).

Plaintiff also alleges multiple instances of Defendants' retaliation against her. (*Id.* ¶¶ 126–158). Plaintiff alleges that Defendants' retaliation arose after one of Vast's affiliates terminated Plaintiff's mother, and Plaintiff assisted her mother with filing an EEOC complaint and lawsuit against the affiliate. (*Id.* ¶¶ 37, 42). Plaintiff alleges that Defendant(s) initiated a retaliatory lawsuit against her for breach of the confidentiality provision in her purported Contractor's Agreement. (*Id.* ¶¶ 38–39). Plaintiff also alleges that she was retaliatorily demoted a day after her mother initiated the lawsuit, and Defendants ultimately fired Plaintiff based on her assistance with the lawsuit. (*Id.* ¶¶ 40–41).

Plaintiff commenced this action by filing the Complaint on November 6, 2019. (*See* Compl., ECF No. 1). Anderson moved to dismiss and stay the case pending adjudication of the Motion to Dismiss. (*See* Mots. Dismiss and Stay, ECF Nos. 10–11). Instead of responding to the Motion to Dismiss, Plaintiff amended the Complaint as a matter of right. (*See* FAC, ECF No. 18). Anderson moves to dismiss the FAC. (*See* MTD, ECF No. 22). Anticipating dismissal because the FAC lacks necessary right to sue letters against Anderson, Plaintiff seeks leave to amend. (*See* Mot. Am., ECF No. 34).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.3d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion … However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgement. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgement. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

The Court first addresses Anderson's Motion to Dismiss the FAC before turning to Plaintiff's Motion to Amend because the allegations in the proposed Second Amended Complaint are the same as those in the FAC. Plaintiff's proposed Second Amended Complaint's only modification to the FAC is its inclusion of additional right to sue letters. (*See* Exs. to Mot. Am., ECF Nos. 34-1–34-4). Accordingly, if the Court grants Anderson's Motion to Dismiss the FAC for failure to state a claim upon which relief can be granted for reasons other than Plaintiff's failure to exhaust her administrative remedies, then Plaintiff's proposed amendment would be futile.

### A. Motion to Dismiss

The FAC raises the following claims: (1) Nevada Racketeer Influence and Corrupt Organizations Act ("RICO") violations, (¶¶ 44–125); (2) Gender and Age-Based Discrimination and Retaliation under federal and state law, (¶¶ 126–140); (3) Retaliation under the Age Discrimination in Employment Act, (¶¶ 141–148); (4) Discrimination and Retaliation for filing an EEOC complaint under federal and state law, (¶¶ 149–158); (5) Interference with Prospective Business Advantage, (¶¶ 159–162); (6) Negligence Per Se in violation of NRS § 613.200, (¶¶ 163–165); (7) Negligence Per Se in violation of NRS § 613.210, (¶¶ 166–168); (8) Negligence Per Se in violation of NRS § 613.340, (¶¶ 169–172); (9) Common Law Whistleblower Retaliation, (¶¶ 173–182); (10) Violation of the FLSA, (¶¶ 183–190); and (11) Intentional and Negligent Infliction of Emotional Distress, (¶¶ 191–198). However, in her Reply in support of the Motion to Amend, Plaintiff voluntarily withdraws her claims for (1) Nevada RICO, (6–8) Negligence Per Se, (9) Whistleblower Retaliation, and (11) Intentional Infliction of Emotional Distress. (Mot. Am. Reply 3:8–10, ECF No. 41). Accordingly, the Court only considers Plaintiff's claims for retaliation brought under state and federal statutes,

interference with prospective business advantage, FLSA violations, and negligent infliction of emotional distress.

The Court begins its analysis with Plaintiff's employment discrimination, retaliation, and FLSA claims.

      i.      <u>Employment Discrimination, Retaliation, and FLSA claims</u>

Anderson seeks dismissal of Plaintiff's discrimination and retaliation claims, arguing that: (1) Plaintiff has not adequately alleged that Anderson is her employer, and (2) Plaintiff has not exhausted her administrative remedies. (Mot. Dismiss ("MTD"), ECF No. 22). Plaintiff tacitly acknowledges that the FAC does not show she has exhausted her administrative remedies against Anderson, and that she "intends to seek a stay of this case until she obtains the Notices of Right to sue all defendants," which she later included in her Motion to Amend. (*See* Pl.'s Resp. MTD ("Resp.") 8:6–9, ECF No. 24); (Exs. to Mot. Am., ECF No. 34). Anderson also seeks dismissal of Plaintiff's FLSA claims because: (1) Plaintiff has not adequately alleged Anderson is her employer, and (2) Plaintiff has failed to plead sufficient facts that entitle her to relief. (MTD 15:12–17:3). The Court finds that dismissal of the employment law claims in the FAC is appropriate because the FAC fails to adequately allege that Anderson employed Plaintiff.

Anderson argues that Plaintiff has not sufficiently alleged that Anderson was her direct employer. (MTD 10:7–8). It argues that although Plaintiff pleads that she entered into a contract "with Defendants," she also alleges that she was uncertain who her employer was, and the Exhibits she provides show that she received her paycheck from Vast. (*Id.* 10:8–17). Anderson therefore contends that the FAC does not sufficiently plead that Anderson employed Plaintiff, and the employment law claims against Anderson should be dismissed. (*Id.* 10:17–20). Plaintiff responds that the Exhibits to the FAC demonstrate that Anderson is a proper party because the Employment Agreement identifies Anderson as an affiliate of Vast, Anderson

contracted to provide administrative services to Vast and its affiliates, and Addendum #4 to the Employment Agreement and the acknowledgments thereto identify "Anderson as [her] primary [employer] and Vast Solutions Group as the affiliate." (Resp. 7:6–8:2); (Employment Agreement, Ex. 1 to Ex. P Am. Compl., ECF No. 18-3).

The Court finds that Plaintiff has not adequately alleged that Anderson is her employer. The FAC alleges that Plaintiff was jointly employed by Vast, Anderson, and other entities. (*See* Am. Compl. 1:2–2:2, ¶ 27).  To state employment civil rights claims against multiple purported employers, a plaintiff must at minimum "plead specific facts that explain how the defendants are related and how the conduct underlying the claims is attributable to each defendant." *Johnson v. Serenity Transp., Inc.*, No. 15-cv-02004, 2016 U.S. Dist. LEXIS 8404, 2016 WL 270952, at *11 (Jan. 22, 2016); *Freeney v. Bank of Am. Corp.*, No. 15-02375, 2015 U.S. Dist. LEXIS 92848, 2015 WL 4366439, at *17–*18 (C.D. Cal. July 16, 2015) (collecting cases that explain the same joint employer test applies to Title VII, ADEA, FLSA, and other employment civil rights claims).  Here, Plaintiff has not explained the conduct attributable to each Defendant, and instead lumps together the conduct of all "Defendants."  Plaintiff's employment law claims are therefore insufficient to survive Defendants' Motion to Dismiss.

### ii.     Interference with Prospective Business Advantage

Anderson argues that Plaintiff has not stated a plausible claim for interference with prospective business advantage because Plaintiff's only allegation in support of Anderson's alleged interference—"Defendant is believed to have contacted a prospective employer and informed that employer that Plaintiff should not be hired by the prospective employer and cited the lawsuit that was filed against Plaintiff"—is "equal parts conjecture, assumption, and conclusion, with a shred of actual fact alleged." (MTD 12:19–13:2) (quoting FAC ¶ 160).  It also alleges that Plaintiff has not pled Anderson's knowledge of the business relationship, and Plaintiff's use of the singular "Defendant" makes it unclear who Plaintiff is asserting the claim

against. (*Id.* 13:2–6). Plaintiff responds that the allegation is sufficient to show interference under *Twombly* and *Iqbal*. (MTD Resp. 8:13–20).

In order to plead a claim for interference with prospective business advantage under Nevada law, a Plaintiff must allege, "(1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and, (5) actual harm to the plaintiff as a result of the defendant's conduct." *Consol. Generator-Nevada v. Cummins Engine Co.*, 971 P.2d 1251, 1255 (Nev. 1998) (quoting *Leavitt v. Leisure Sports Inc.*, 734 P.2d 1221, 1225 (Nev. 1987)).

The Court agrees that Plaintiff's use of the singular "Defendant," when the FAC alleges that over twenty entities may have been Plaintiff's employer, is legally insufficient to provide fair notice of the claim and the ground upon which it rests because it is entirely unclear who allegedly interfered with Plaintiff's prospective employment. *See Twombly* 550 F.3d at 555. The Court finds that the remainder of Plaintiff's allegation, while teetering on the brink of sufficiency, may plausibly allege that Plaintiff had a prospective employment relationship with a third-party, and a Defendant interfered in that relationship. The allegation does not merely assert the elements of the claim or a legal conclusion; rather, it describes that a Defendant contacted a prospective employer and advised the prospective employer not to hire Plaintiff because of her participation in a lawsuit. (*See* FAC ¶ 160). Nevertheless, the Court dismisses the claim without prejudice because Plaintiff must allege the Defendant responsible for the conduct complained of.

   iii. <u>Negligent Infliction of Emotional Distress ("NIED")</u>

Anderson argues that the Court should dismiss Plaintiff's NIED claim because Plaintiff has not alleged injury independent of her own demotion. (MTD 18:5–21). Plaintiff does not

argue in her Response that the claim is sufficient; rather, she seeks the opportunity to amend. (Resp. 12:1–18).  The Court concludes that the claim should be dismissed with prejudice.

In order to state a claim for NIED under Nevada law, a Plaintiff must have suffered physical injury, or witnessed a physical injury to a third party, caused by a defendant's negligence. *See Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 934 (D. Nev. 2010); *Grotts v. Zahner*, 989 P.2d 415, 417 (Nev. 1999); *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 462 (Nev. 1993).  Here, there is no allegation of physical injury.  Nor is there an allegation that Plaintiff witnessed a physical injury to a third party.  Plaintiff's emotional suffering from her own firing cannot support an NIED claim as a matter of law. *See Kennedy* 727 F. Supp. 2d at 935 (explaining that a plaintiff may recover damages for emotional harm arising from another cause of action, but the maintenance of an NIED claim requires physical injury or bystander harm).  The Court therefore dismisses the claim with prejudice.

### B. Motion to Amend, Leave to Amend

The Court first addresses whether to grant Plaintiff's Motion to Amend, which requests leave to file the appended Second Amended Complaint.  The Court finds that the proposed Second Amended Complaint would be futile, but Plaintiff should be provided leave to amend.

Once the time period to amend as a matter of course in Rule 15(a)(1) of the Federal Rules of Civil Procedure has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  However, Rule 15(a)(2) further instructs that courts "should freely give leave [to amend] when justice so requires." *Id.* "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

1    Here, the Motion to Amend should be denied because the proposed Second Amended
2 Complaint is futile; it is substantively identical to the FAC with the exception of including
3 additional right to sue letters. (Compare FAC); (with Second Am. Compl., Ex. A to Mot. Am.,
4 ECF No. 34).  Given that the allegations of the proposed Second Amended Complaint are the
5 same as those of the FAC, the Court denies Plaintiff's proposed Amended Complaint as futile
6 for the reasons discussed when addressing the Motion to Dismiss.

7    However, the Court finds it appropriate to grant Plaintiff leave to amend.  For the
8 reasons described in the Motion to Dismiss discussion, Plaintiff could amend the FAC to state
9 plausible claims to relief, so amendment would not be futile.  Anderson would not be
10 prejudiced by granting leave to amend because this is Plaintiff's first opportunity to amend a
11 complaint following an Order outlining the deficiencies therein. (*See* FAC) (filed as a matter of
12 right).  The Court finds no undue delay, bad faith, or dilatory motive on the part of Plaintiff.
13 Accordingly, the Court concludes that Plaintiff should have leave to amend.

14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Court **DENIES as moot** Anderson's Motion to Dismiss the Complaint, (ECF No. 10).

**IT IS FUTHER ORDERED** that the Court **DENIES as moot** Anderson's Motion to Stay, (ECF No. 11).

**IT IS FURTHER ORDERED** that the Court **GRANTS** Anderson's Motion to Dismiss the First Amended Complaint, (ECF No. 22), consistent with the foregoing discussion.

**IT IS FURTHER ORDERED** that Plaintiff's Nevada RICO, Whistleblower Retaliation, Negligence Per Se, and Intentional Infliction of Emotional Distress claims are **WITHDRAWN**.

**IT IS FURTHER ORDERED that** the Court **GRANTS** Plaintiff leave to amend to cure the deficiencies identified in the FAC.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend, (ECF No. 34), is **DENIED**.

**DATED** this __30__ day of September, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT