UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATELYN WHITTEMORE,<br><br>    Plaintiff,<br><br>v.<br><br>ANDERSON FINANCIAL SERVICES, LLC, doing business as a foreign Washington limited liability company; VAST HOLDINGS GROUP, LLC, doing business as a Nevada limited liability company; DOE 1-100, inclusive<br><br>    Defendants. | Case No. 2:19-cv-01951-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Strike Plaintiff's Second Amended Complaint. ECF No. 46. The Court has considered Defendant's Motion, Plaintiff's Opposition (ECF No. 47), and Defendant's Reply (ECF No. 48). The parties are familiar with the filing history of this case and, thus, it is not repeated here. The disagreement appears to be over the interpretation of a Court Order issued several months ago.

Specifically, in the Court's September 30, 2020 Order (ECF No. 44), it states:

> Here, the Motion to Amend should be denied because the proposed Second Amended Complaint is futile; it is substantively identical to the FAC with the exception of including additional right to sue letters. (Compare FAC); (with Second Am. Compl., Ex. A to Mot. Am., ECF No. 34). Given that the allegations of the proposed Second Amended Complaint are the same as those of the FAC, the Court denies Plaintiff's proposed Amended Complaint as futile for the reasons discussed when addressing the Motion to Dismiss.
>
> However, the Court finds it appropriate *to grant Plaintiff leave to amend*. For the reasons described in the Motion to Dismiss discussion, Plaintiff could amend the FAC to state plausible claims to relief, so amendment would not be futile. Anderson would not be prejudiced by granting leave to amend because this is Plaintiff's first opportunity to amend a complaint following an Order outlining the deficiencies therein. (*See* FAC FAC) (filed as a matter of right). The Court finds no undue delay, bad faith, or dilatory motive on the part of Plaintiff. Accordingly, the Court concludes that Plaintiff should have leave to amend.

*Id*. at 10. The undersigned reads the language of the above Order and finds it clear. That is, leave to amend was granted to Plaintiff after Plaintiff's proposed Second Amended Complaint was found

1

1  futile because it was substantively identical to Plaintiff's First Amended Complaint. *Id*. For this
2  reason, Defendant's argument regarding Fed. R. Civ. P. 15(a)(2) is unavailing.
3      While Defendant is free to file a motion to dismiss the Second Amended Complaint (ECF
4  No. 45), the Court's Order did not leave any doubt that Plaintiff was granted permission to file an
5  amended complaint that would cure prior deficiencies. *Id*. at 11 (**IT IS FURTHER ORDERED**
6  **that** the Court **GRANTS** Plaintiff leave to amend to cure the deficiencies identified in the FAC.)
7  (Emphasis and capitals in original.)
8      Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion
9  to Strike Plaintiff's Second Amended Complaint (ECF No. 46) is DENIED.

Dated this 28th day of January, 2021

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2